UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 17-04479-GW (PLAx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | |
| 38 CARTONS OF SURVEILLANCE EQUIPMENT CAMERAS AND HD SERIAL NETWORK DIGITAL VIDEO RECORDERS, | |
| Defendants. | |
| LEVON TER-PETROSYAN, | |
| Claimant. | |

Plaintiff United States of America (the "government") and claimant Levon Ter-Petrosyan ("Ter-Petrosyan") have entered into a stipulated request for the entry of this consent judgment of forfeiture, resolving all interests Ter-Petrosyan may have in the defendants, namely, 38 Cartons of Surveillance Equipment Cameras and HD Serial Network Digital Video Recorders ("defendant assets").

1      This civil forfeiture action was commenced on June 16, 2017
2 against the defendant assets.  Notice was given and published
3 according to law.  Claimant Levon Ter-Petrosyan filed a verified
4 answer on July 28, 2017 (Dkt. 13), which the Court deems to be a
5 claim pursuant to the stipulation of the parties.  No other
6 claims or answers were filed, and the time for filing claims and
7 answers has expired.  Based upon the parties' Stipulation and
8 Request to Enter Consent Judgment (Dkt. __) and good cause
9 appearing therefor, the Court hereby **ORDERS, ADJUDGES AND**
10 **DECREES** that:

    A.    Ter-Petrosyan shall manipulate the defendant assets by removing and/or obliterating any and all references or marks resembling or infringing on the Apple, Blackberry, and/or Windows trademarks found on the defendant assets or its packaging, by using permanent marker to cover said marks.  The permanent marking shall cover any and all references or marks specifically related to any and all "Apple," "Safari," "Safri," "Bluetooth," and "Windows" images or wordmarks.  All manipulation must be completed to the satisfaction of U.S. Customs and Border Protection ("CBP"), which may request that random samples of the defendant assets be reviewed for compliance.  Manipulation will take place under the supervision of CBP's defendant assets contractor, and at the sole expense of Ter-Petrosyan.  Ter-Petrosyan must pay any and all charges incurred in manipulating the defendant assets to CBP's defendant assets contractor upon demand.

    B.    Prior to manipulation, Ter-Petrosyan shall complete CBP Form 3499 ("Application and Approval to Manipulate Goods"),

describing the specifics of the manipulation process, and file the completed form with CBP. Upon approval of the form, CPB will forward the form and a disposition order to its defendant assets contractor. The defendant assets contractor shall in turn contact Ter-Petrosyan to schedule an appointment for the manipulation.

  C. Ter-Petrosyan shall pay to CBP's defendant assets contractor all seizure and storage-related costs and charges to secure release of the defendant assets. If Ter-Petrosyan completes the manipulation required by Paragraph A within 90 days of the entry of the consent judgment, storage-related charges shall not exceed $100. These payments are due and owed by Ter-Petrosyan at the time he (or his designated representative) takes possession of the defendant assets.

  D. Upon receipt of proof of Ter-Petrosyan's satisfactory completion of the requirements set forth in paragraphs "A" through "C", CBP shall notify its defendant assets contractor that the defendant assets may be released for importation subject to the terms of release as specified herein.

  E. Ter-Petrosyan shall complete the requirements set forth herein within 90 days of the entry of this Consent Judgment, absent any agreed upon extension approved by the Court. If Ter-Petrosyan fails to meet these requirements within the 90-day deadline, he shall be deemed to have relinquished all right, title, and interest in the defendant assets, including any payments submitted pursuant to paragraph "C" herein and the bond posted by Ter-Petrosyan pursuant to CF Form 301 on or about January 8, 2014, concerning the defendant assets in FP&F case

number 2013-2704-001474. Ter-Petrosyan has waived his right to any further notice regarding the disposition of the defendant assets. In the event of forfeiture pursuant to this paragraph, CBP may dispose of the defendant assets pursuant to law.

  F. Upon timely satisfaction of paragraphs "A" through "E", CBP shall promptly initiate the return of the surety bond described in paragraph "E", without interest, to Ter-Petrosyan at 6556 Van Noord Ave., North Hollywood, California 91606.

  G. Ter-Petrosyan has withdrawn his request to proceed by judicial forfeiture in FP&F case number 2013-2704-001474.

  H. Ter-Petrosyan has waived and relinquished all rights to judicial review of the seizure of the defendant assets. The Court finds that the government had probable cause for the seizure of the defendant assets, but that Ter-Petrosyan does not concede the allegations of intellectual property rights violations set forth in the complaint filed in this action.

  I. The government and Ter-Petrosyan shall bear their respective costs and attorneys' fees, and Ter-Petrosyan has waived any right to any appeal of this action.

  J. This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

///

4

K. The Court shall maintain jurisdiction in this case for the purpose of effectuating the terms of this Consent Judgment of Forfeiture.

DATED: April 25, 2018

_____
GEORGE H. WU, U.S. DISTRICT JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


  /s/ *Frank D. Kortum*
FRANK D. KORTUM
Assistant United States Attorney


Attorney for Plaintiff
UNITED STATES OF AMERICA